# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NO. 6:26-CR-00001-JCB-KNM-1 |
| v. § | |
| § | |
| § | |
| MICHAEL ANTHONY BREWER § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 10, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Anthony Brewer. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offenses of Conspiracy to Receive, Possess, and Dispose of Stolen Firearms, a Class D felony, and Possession of Stolen Firearms, a Class C felony. The conspiracy offense, enumerated in Defendant's indictment as count 1, carried a statutory maximum imprisonment term of 5 years. The possession offense, enumerated in Defendant's indictment as count 8, carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 60 months for count 1 and 70 to 87 months for count 8. On November 14, 2007, U.S. District Judge Terrence W. Boyle of the Eastern District of North Carolina sentenced Defendant to 55 months imprisonment followed by 3 years of supervised release for count 1 in addition to 55 months imprisonment followed by 3 years of supervised release for count 8. Both sentences were

to run concurrently, subject to the standard conditions of release, plus special conditions to include credit restrictions, financial disclosure, and payment of a $200.00 special assessment fee. On December 4, 2013, pursuant to a downward departure for substantial assistance, Defendant was resentenced to 30 months imprisonment followed by 3 years of supervised release for count 1 in addition to 30 months imprisonment followed by 3 years of supervised release for count 8. These sentences were to run concurrently, subject to the same conditions stated previously. On December 18, 2023, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of North Carolina. On January 17, 2025, Defendant's supervision was transferred to the to the Eastern District of Texas, Tyler Division. On January 8, 2026, jurisdiction over the case was transferred to the Eastern District of Texas, and the case was reassigned to U.S. District Judge J. Campbell Barker of the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to report to his probation officer as directed by the court or probation officer and to submit a truthful and complete written report within the first five days of each month. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about October 2025, December 2025, and January 2026 when Defendant failed to submit a monthly report as instructed within the first five days of each month.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to submit monthly reports as instructed within the first five days of each month for October 2025, December 2025, and January 2026, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal

history category of IV, the guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition requiring Defendant to report to his probation officer as directed by the court or probation officer and to submit a truthful and complete written report within the first five days of each month asserted as Allegation 2 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 11 months imprisonment with no supervised release to follow for count 1 in addition to 11 months imprisonment with no supervised release to follow for count 8. The government recommended that these sentences run concurrently.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 2 be accepted, that he be imprisoned for a term of 11 months with no period of supervised release to follow for count 1, and that he be imprisoned for a term of 11 months with no period of supervised release to follow for count 8. The court additionally **RECOMMENDS** that these sentences run concurrently. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX or FCI Seagoville, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of February, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE